```
_____ FILED          _____ ENTERED
_____ LODGED         _____ RECEIVED

              JUL 15 2025
                 AT SEATTLE
           CLERK U.S. DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
        BY_____ DEPUTY
```

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CAMERON JOHN WAGENIUS, <br><br> Defendant. | NO. CR25-142 KKE <br><br> **PLEA AGREEMENT** |

The United States, through Acting United States Attorney Teal Luthy Miller, Assistant United States Attorney Sok Tea Jiang of the Western District of Washington, Supervisory Official of the U.S. Department of Justice's Criminal Division Matt Galeotti, Senior Counsel Louisa Becker and Trial Attorney George Brown of the Computer Crime and Intellectual Property Section of the Criminal Division, and Defendant Cameron John Wagenius and his attorney James Lee Bright, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge(s) brought by the United States Attorney in an Information.

Plea Agreement - 1
USAO No. 2025R00488

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2. **Waiver of Venue.** Defendant, having been advised of the fact that venue for the offense charged in Count 2 normally would lie in the Western District of Texas, agrees to waive venue with respect to Count 2 and to be prosecuted for the offenses charged in Count 2 in the Western District of Washington.

3. **The Charge(s).** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charge(s) contained in the Information.

    a.    Wire Fraud Conspiracy, as charged in Count 1, in violation of Title 18, United States Code, Section 1349.

    b.    Extortion in Relation to Computer Fraud, as charged in Count 2, in violation of Title 18, United States Code, Section 1030(a)(7)(B).

    c.    Aggravated Identity Theft, as charged in Count 3, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

4. **Elements of the Offense(s).** The elements of the offense(s) to which Defendant is pleading guilty are as follows:

The elements of Wire Fraud Conspiracy, as charged in Count 1, are as follows:

    *First*, beginning no later than April 2023, and continuing through at least in or about December 2024, there was an agreement between two or more persons to commit the crime of Wire Fraud, in violation of Title 18, United States Code, Section 1343; and

    *Second*, Defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.

Plea Agreement - 2
USAO No. 2025R00488

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The elements of Wire Fraud are as follows:

*First*, Defendant knowingly devised or participated in a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

*Second*, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

*Third*, Defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

*Fourth*, Defendant used, or caused to be used, an interstate or foreign wire communication to carry out, or attempt to carry out, an essential part of the scheme.

The elements of Extortion in Relation to Computer Fraud, as charged in Count 2, are as follows:

*First*, Defendant transmitted a communication in interstate or foreign commerce;

*Second*, Defendant acted with intent to extort money or any other thing of value from any individual, firm, corporation, educational institution, financial institution, government entity, or legal or other entity;

*Third*, the communication contained a threat to impair the confidentiality of information from a computer without authorization; and

*Fourth*, Defendant's threat concerned a computer that was used in or affected interstate or foreign commerce or communication.

The elements of Aggravated Identity Theft, as charged in Count 3, are as follows:

*First*, Defendant knowingly transferred, possessed, or used without lawful authority, a means of identification of another person;

Plea Agreement - 3
USAO No. 2025R00488

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Second*, Defendant knew that the means of identification belonged to a real person;

*Third*, Defendant did so during and in relation to a violation of Title 18, United States Code, Sections 1349 or 1030.

5. **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

   a. For the offense of Wire Fraud Conspiracy, as charged in Count 1: A maximum term of imprisonment of up to 20 years, a fine of up to $250,000, a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100. If a probationary sentence is imposed, the probation period can be for up to five years.

   b. For the offense of Extortion in Relation to Computer Fraud, as charged in Count 2: A maximum term of imprisonment of up to five years, a fine of up to $250,000, a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100. If a probationary sentence is imposed, the probation period can be for up to five years.

   c. For the offense of Aggravated Identity Theft, as charged in Count 3: A mandatory term of imprisonment of two years, which must run consecutively to the terms imposed for Counts 1 and 2; a fine of up to $250,000, a period of supervision following release from prison of up to one year, and a mandatory special assessment of $100.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally

Plea Agreement - 4
USAO No. 2025R00488

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

6. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

7. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

Plea Agreement - 5
USAO No. 2025R00488

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

       a.      The right to plead not guilty and to persist in a plea of not guilty;

       b.      The right to a speedy and public trial before a jury of Defendant's peers;

       c.      The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

       d.      The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

       e.      The right to confront and cross-examine witnesses against Defendant at trial;

       f.      The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

       g.      The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

       h.      The right to appeal a finding of guilt or any pretrial rulings.

8. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the

Plea Agreement - 6
USAO No. 2025R00488

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

9. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

10. **Statement of Facts.** Defendant admits Defendant is guilty of the charged offense(s). The parties agree on the following facts:

    a. Beginning no later than April 2023 and continuing through at least December 18, 2024, Defendant conspired with Co-Conspirator-1, Co-Conspirator-2, Co-Conspirator-3, and others to devise a scheme to defraud at least 10 victim organizations by obtaining login credentials for the organizations' protected computer networks without authorization, gaining unlawful access to these protected computer networks, stealing sensitive information, threatening to leak the stolen data unless the victims paid ransoms, and offering to sell and selling the stolen data online. Defendant and his co-conspirators agreed to, attempted to, and did gain unlawful access to hundreds of thousands of sensitive business and customer records, including non-content call and text history

Plea Agreement - 7
USAO No. 2025R00488

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

records, telecommunication identifying information, and other personally identifiable information.

       b.    Defendant and his co-conspirators agreed to, attempted to, and did profit from this scheme through several means, including by attempting to extort at least $1,000,000 from victim data owners, offering to sell victims' stolen data via online messages and via posts on cybercriminal forums for thousands of dollars, successfully selling at least some of this stolen data, and using stolen victim data in further frauds, including SIM-swapping.

       c.    Defendant and his co-conspirators unlawfully obtained login credentials that could be used to access the protected computer systems of victim organizations and their users. They obtained these credentials using a hacking tool called "SSH Brute," among other means.

       d.    Defendant and his co-conspirators shared these stolen login credentials among themselves and with others, in order to access victim computer systems without authorization. To do so efficiently, they created Telegram group conversations that either manually or automatically forwarded stolen login credentials to other group members, including Co-Conspirators-1 through 3. For example, from at least on or about April 23, 2023, until at least June 16, 2023, Defendant, Co-Conspirator-1, and others participated in a Telegram group chat. The chat members repeatedly discussed stealing computer credentials, including through brute force attacks used to guess username and password combinations, and transferred stolen credentials among themselves.

       e.    Defendant and his co-conspirators used these stolen credentials to unlawfully access victims' computer systems, and to view and download sensitive business and customer records, including non-content call and text history records, telecommunication identifying information, and other personally identifiable information. For example, in or about May 2024, Defendant and Co-Conspirator-1 accessed the

Plea Agreement - 8
USAO No. 2025R00488

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

computer systems of Victim-1, a telecommunications company located overseas, and stole information pertaining to hundreds of thousands of Victim-1's customers. This stolen information included International Mobile Subscriber Identity, SIM card numbers, masterkey, and other information needed to successfully clone SIM cards.

   f. As another example, in or about August and September 2024, Defendant, Co-Conspirator-2, and Co-Conspirator-3 accessed the protected computer systems of Victim-3, a technology company located in the United States and stole information pertaining to thousands of Victim-2's customers, including telephone numbers belonging to real people who were Victim-2's customers. Victim-2 was a telecommunications company located in the United States, and some of Victim-2's stolen data was hosted on Victim-3's computer systems located in Texas and North Carolina.

   g. Defendant and others publicly and privately extorted victims by threatening to sell or otherwise distribute their stolen data unless the victims paid ransoms. They did so through online posts on online cybercrime forums catering to criminals, such as BreachForums and XSS.is; Telegram channels dedicated to online frauds and other cybercrimes; direct messages on Telegram; and other online platforms such as X (formerly known as Twitter).

   h. Some of these posts and messages offered to sell the data in exchange for fiat currency and cryptocurrency, while others attempted to extort the victim companies, requesting payment in order to avoid publication of the stolen data. Some posts also published sample data stolen from the victims. The platforms on which these posts were made could be accessed from computers located anywhere in the world, including in the Western District of Washington.

   i. For example, on or about October 22, 2024, Defendant contacted Victim-2 and wrote, "If I'm not contacted all 358+ [gigabytes] of data on the [Victim-2] network will be released." Defendant sent this message, which was transmitted in

Plea Agreement - 9
USAO No. 2025R00488

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | interstate and foreign commerce, as part of Defendant's efforts to extort a ransom
2 | payment from Victim-2.
3 |       j.      As another example, on or about November 6, 2024, Defendant sent
4 | multiple emails to Victim-4, a telecommunications company located in the United States,
5 | sharing sample stolen data and threatening to leak more online unless he was paid "500k
6 | USD in the form of cryptocurrency." Defendant stated, "[i]n the event of [Co-
7 | Conspirator-2's] arrest I was to takeover negotiations."
8 |       The parties agree that the Court may consider additional facts contained in the
9 | Presentence Report (subject to standard objections by the parties) and/or that may be
10 | presented by the United States or Defendant at the time of sentencing, and that the factual
11 | statement contained herein is not intended to limit the facts that the parties may present to
12 | the Court at the time of sentencing.
13 |       11.    **Sentencing Factors.** The parties agree that the following Sentencing
14 | Guidelines provisions apply to this case:
15 |       a.      2X1.1, 2B1.1(a)(1) (Base Offense Level 7);
16 |       b.      2B1.1(b)(1)(I) (+14 levels) (loss greater than $550,000 but less than
17 | $1.5 million), though the government may argue for a higher loss amount at sentencing;
18 |       c.      2B1.1(b)(2)(A)(i) (+ 2 levels) (offense involved 10 or more victims);
19 |       d.      2B1.1(b)(10)(A) and (B) (+ 2 levels) (offense involved sophisticated
20 | means and a substantial part of the scheme was committed outside the United States);
21 |       e.      2B1.1(b)(11)(B) (+2 levels) (offense involved the trafficking in
22 | unauthorized or counterfeit access devices); and
23 |       f.      3A1.2 (+3 levels) (offense involved a government officer or
24 | employee and the offense was motivated by such status).
25 |       The parties agree they are free to present arguments regarding the applicability of
26 | all other provisions of the United States Sentencing Guidelines. Defendant understands,
27 | however, that at the time of sentencing, the Court is free to reject these stipulated

Plea Agreement - 10
USAO No. 2025R00488

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

12. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

13. **Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this Plea Agreement, Defendant agrees that restitution in this case should not be limited to the offense(s) of conviction. Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty plea(s) including losses resulting from crimes not charged or admitted by Defendant in the Statement of Facts. The losses will include, but not be limited to, restitution to Victims 1 through 3 for their response costs associated with cyber-intrusions at issue and to Victim 4 for its response costs associated with efforts to re-extort Victim 4 starting in or around November 1, 2024. Defendant agrees that the Court can order Defendant to pay restitution to any other victims of Defendant's crimes. In exchange for the promises by the United States contained in this Plea Agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

    a. The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the

Plea Agreement - 11
USAO No. 2025R00488

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the United States from pursuing any other means by which to satisfy Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that Defendant is unable to make immediate restitution.

        b.      Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the United States to access records to verify the financial information; (5) authorizing the United States to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States), and fully and truthfully answering questions during such interview; and (7) notifying the United States before transferring

Plea Agreement - 12
USAO No. 2025R00488

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

c. The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a). In addition, in any event, the government will consider Defendant's cooperation regarding restitution in making its sentencing recommendation.

14. **Forfeiture of Assets.** Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property, real or personal, constituting, or derived from, proceeds traceable to his commission of Wire Fraud Conspiracy, as charged in Count 1. All such property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c), and includes, but is not limited to, a judgment for a sum of money (also known as a forfeiture money judgment), representing the amount of the proceeds that Defendant received from this conspiracy.

Defendant further agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property, real or personal, constituting, or derived from, proceeds Defendant obtained directly or indirectly as a result of commission of Extortion in Relation to Computer Fraud, as charged in Count 2. All such property is subject to forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(a)(1)(B), and includes, but is not limited to, a judgment for a sum of money (also known as a forfeiture money judgment), representing the amount of the proceeds that Defendant received from this conspiracy.

Defendant further agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all personal property that was used or intended to be used to commit or to facilitate the commission of Extortion in Relation to Computer

Plea Agreement - 13
USAO No. 2025R00488

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Fraud, as charged in Count 2. All such property is subject to forfeiture pursuant to Title 18, United States Code, Section 1030(a)(1)(A).

Defendant agrees to fully assist the United States in the forfeiture of any forfeitable property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of this property in any federal forfeiture proceeding, administrative or judicial, that may or has been initiated. Defendant agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if that property constitutes proceeds, or was derived from proceeds, of Wire Fraud Conspiracy (Count 1) or Extortion in Relation to Computer Fraud (Count 2), and/or if that property was personal property used or intended to be used to facilitate Extortion in Relation to Computer Fraud (Count 2).

15. **Abandonment of Contraband, Electronic Devices and Data Files.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband. Defendant further agrees to abandon any interest he may have in the following electronic devices, which the Federal Bureau of Investigation and Defense Criminal Investigative Service, with the assistance of the Army's Criminal Investigative Division, seized from Defendant's person and/or barrack room on or about December 4, 2024: (i) a Samsung S22 Ultra smartphone with IMEI 355796463615140; (ii) Samsung S24 Ultra

Plea Agreement - 14
USAO No. 2025R00488

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 smartphone, serial number RSCX348CBAZ; (iii) an MSI GP66 Leopard laptop
2 computer, serial number K2201N0036969; (iv) a Centon USB Flashdrive, DataStick
3 Sport; and (v) a Gigastone Portable solid state drive, P1000, serial number 3623.
4 Defendant further agrees to abandon any interest he may have in Acer Predator Helios
5 PH16-7 laptop computer bearing serial number NHQNXAA00142313EAF7600, which
6 Defendant purchased on or about December 6, 2024, following the search of Defendant's
7 person and barracks room and in violation of direct orders from Defendant's commanding
8 officer prohibiting Defendant from using or purchasing a laptop. Defendant further
9 abandons any interest he may have in any data files contained on these devices.
10 Defendant consents to the federal administrative disposition of these devices and data
11 files contained therein, including their destruction.

12     16. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement,
13 the United States agree not to prosecute Defendant for any additional offenses known to
14 it as of the time of this Plea Agreement based upon evidence in its possession at this time,
15 and that arise out of the conduct giving rise to this investigation. In this regard, Defendant
16 recognizes the United States has agreed not to prosecute all of the criminal charges the
17 evidence establishes were committed by Defendant solely because of the promises made
18 by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of
19 preparing the Presentence Report, the United States will provide the United States
20 Probation Office with evidence of all conduct committed by Defendant.

21     Defendant agrees that any charges to be dismissed before or at the time of
22 sentencing were substantially justified in light of the evidence available to the United
23 States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant
24 with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119
25 (1997).

26     17. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if
27 Defendant breaches this Plea Agreement: (a) the United States may withdraw from this

Plea Agreement - 15
USAO No. 2025R00488

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

18. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the

Plea Agreement - 16
USAO No. 2025R00488

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

19. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

20. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the

Plea Agreement - 17
USAO No. 2025R00488

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea
2 Agreement by the Court; or (2) thirty days following the date on which a breach of the
3 Plea Agreement by Defendant is discovered by the United States; or (3) thirty days
4 following the grant of a motion to withdraw from the Plea Agreement.
5 ///
6 ///

Plea Agreement - 18
USAO No. 2025R00488

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

21. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the U.S. Attorney's Office for the Western District of Washington and the Computer Crime and Intellectual Property Section of the U.S. Department of Justice's Criminal Division. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 15th day of July, 2025.

_____
CAMERON JOHN WAGENIUS
Defendant

_____
~~JAMES LEE BRIGHT~~ Adam S. Heyman
Attorney for Defendant

_____
SOK TEA JIANG
Assistant United States Attorney

_____
LOUISA K. BECKER
Senior Counsel
Computer Crime & Intellectual Property
Section, Criminal Division, USDOJ

_____
GEORGE BROWN
Trial Attorney
Computer Crime & Intellectual Property
Section, Criminal Division, USDOJ

Plea Agreement - 19
USAO No. 2025R00488

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970